UNITED STATES DISTRICT COURT
WETSERN DISTRICT OF NEW YORK

KATHERINE ADAMIDES, TYRUS ASA ADAMS, JOE ALLMAN, ALAN BEADLE, KENNETH BRALEY, JEREMY DOBNER, MATTHEW GOULD, BRIAN GRAVELLE, ARSENIY GUTNIK, BRIAND HAMMOND, LOUIS "ELLE" HERMAND, JORDAN HUGHES, KWANN MOORE, HENRY O'BRIEN. PAMELA OWNES, RASHINDA PRICE, ZACHARY ROBERTS. CRESCENZO SCIPIONE, CORY PATTERSON, MICHAEL SPORTIELLO, JAMES STARR, DAVID SUTLIFF-ATLAS, RHYS WHITMORE,

Plaintiffs,

- against -

THE CITY OF ROCHESTER, HENRY FAVOR, NASER ZENELOVIC, RAYMOND DEARCOP, RALPH MONTINARELLI, JOSEPH MORABITO, SAMUEL LUCYSHYN, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), TODD BAXTER, "RICHARD ROE SHERRIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office,

Defendants.

**SECOND AMENDED ANSWER**

CIVIL ACTION NUMBER:
24-cv-6107
JURY TRIAL DEMANDED

Defendants the City of Rochester, (referred to as "the City"), by their attorneys Corporation Counsel PATRICK BEATH, John M. Campolieto, of Counsel, answer the Complaint as follows:

1. The City lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraphs 2, 5, 14, 15, 17, 18, 20, 25, 26, 28, 29, 31, 34, 36, 37, 44, 47, 58, 59, 62, 64, 69, 72, 74, 77, 85, 87, 91, 97, 99, 113, 114, 150, 320-343, 397-398

1

2. The City admits no paragraph.

3. The City denies paragraphs 3, 4, 19, 30, 32, 33, 35, 38, 40, 42, 48, 54, 55, 56, 57, 60, 61, 63, 65, 66, 68, 70, 73, 75, 76, 79, 81, 86, 88, 89, 90, 92, 93, 94, 95, 96, 98, 100, 101, 102, 105, 106, 107, 108, 109, 110, 111, 112, 115, 116, 117, 304, 305, 306, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319 and 345-363,

4. The City admits as much of paragraph 8 that states Henry C. Favor was a Commander with the RPD, but is not able to answer the generalities of the remainder of the paragraph, and thus deny the remainder of the paragraph.

5. The City admits as much of paragraph 9 that states Naser Zenelovic was a Captain with the RPD, but is not able to answer the generalities of the remainder of the paragraph 9, and thus deny the remainder of the paragraph.

6. The City admits as much of paragraph 10 that states Raymond Dearcop was a Commander with the RPD, but is not able to answer the generalities of the remainder of the paragraph, and thus deny the remainder of the paragraph.

7. The City admits as much of paragraph 11 that states Ralph Montinarelli was a Lieutenant with the RPD, but is not able to answer the generalities of the remainder of the paragraph, and thus deny the remainder of the paragraph.

8. The City admits as much of paragraph 12 that states Joseph Morabito was an employee of the RPD but is not able to answer the generalities of the remainder of the paragraph, and thus deny the remainder of the paragraph.

9. The City admits as much of paragraph 13 that states Samuel Lucyshyn was a Lieutenant with the RPD, but is not able to answer the generalities of the remainder of the paragraph, and thus deny the remainder of the paragraph.

10. The City admits as much of paragraph 6 which states that the City of Rochester is a municipal entity authorized by New York State but denies the remainder of the paragraph.

11. The City admits as much of paragraph 7 which states that the City of Rochester is a municipal entity authorized by New York State and maintains the City of Rochester Police Department but denies the remainder of the paragraph.

12. The City admits that Todd Baxter is the Sheriff of Monroe County as stated in paragraph 16 but denies the remainder of the paragraph.

13. The City admits as much of paragraph 21 which states that the Plaintiffs filed notice of claims with the City and denies the remainder of the paragraph.

14. The City admits as much of paragraph 22 which states that the City requested and conducted a 50-h hearing of plaintiff Herman but denies the remainder of the paragraph.

15. The City admits as much of paragraph 23 which states that more than 30 days have elapsed since the service of the notices of claim but denies the remained for the paragraph.

16. The City admits as much of paragraph 24 which states that the initial complaint was brought within a year of the events encompassing this lawsuit but denies information and belief sufficient to form a belief as to the remainder of the paragraph.

17. The City admits as much of the paragraph 27 which states that Daniel Prude suffered an acute mental health crisis and died on March 30 and denies the remainder of the paragraph.

18. The City admits as much of paragraph 39 which states that the Monroe County Sheriff assisted with duties during the relevant dates and denies the remainder of the paragraph.

19. The City admits as much of paragraph 41 which states that the Monroe County Sheriff assisted with duties during the relevant dates and denies the remainder of the paragraph.

20. The City admits as much of paragraph 43 which infers that La'Ron Singletary was Chief of the Rochester Police Department between September 2 and September 5, 2020 and denies the remainder of the paragraph.

21. The City admits as much of paragraph 45 which infers that La'Ron Singletary was Chief of the Rochester Police Department between September 2 and September 5, 2020 and denies the remainder of the paragraph.

22. The City denies paragraph 49 and 50, except admits that September 2, FTP ROC released body camera footage that the City of Rochester had previously disclosed to the Prude family.

23. The City admits as much of paragraph 51 which states that Mayor Warren and Chief Singletary held a press conference and deny the remainder of the paragraph.

24. The City admits as much of paragraph 52 which states that there was arrests when individuals attempted to force their way into a non-public area of the Public Safety Building after being told that they could not enter and denies the remainder of the paragraph.

25. The City denies the allegations in paragraph 53, except admits that barriers were erected in front of the PSB.

26. The City admits as much of paragraph 54 which states that the Monroe County Sheriff assisted with duties during the relevant dates and denies the remainder of the paragraph.

27. The City admits that quoted language in paragraph 103 is language that is on the City's website.

28. The City admits that the Mobile Field Force is a tool used by the RPD but denies the remainder of the paragraph.

29. The City is not able to form an answer to paragraph 111 as it is in allegation written in a general and vague manner, thus no answer is provided.  If an answer is required, the paragraph is denied.

30. The City denies paragraphs 37-38, 40, 42, 46, 67, 71, 78, 79, 80, 81, 83, 84 118-148, 151-155, 157-159, 160-161, 163-169, 171, 172, 173, 174, 175, 177, 178, 180, 181, 183-189,  191-196, 198-202,  204-208, 210-215, 217-223, 225-228, 230-234, 236-239, 241-247, 248-259, 261-266, 268-272, 274-281, 283-286, 288-291, 293-296, 299-310,

4

366, 374, 375, 376, 377, 378, 381, 382, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 400-407, 409-413, 415-428, 430-440 as they apply to the City of Rochester and lacks knowledge or information sufficient to form a belief regarding the truth of the allegations toward Todd Baxter and the Sheriff's Deputies.

31. Paragraphs 1, 20, 298, 344, 365, 373, 395, 399, 408, 414, 429 and require no response, if a response is required they are denied.

32. Paragraph 20, 156, 162 170, 176,182,190, 197, 203, 209, 216, 224, 229, 235, 240, 247, 260, 267, 273, 282, 287, 292, 297, 311, 319, 364, 368, 372, 379, 380, 383, 394, 396 are legal conclusions and requires no response, if a response is required it they are denied.

33. The City denies any paragraph which was not answered above.

## FIRST AFFIRMATIVE DEFENSE

34. Any force allegedly used by City Defendants was objectively reasonable and necessary under the circumstances.

## SECOND AFFIRMATIVE DEFENSE

35. The Plaintiffs' alleged injuries and damages were caused by the actions of the Plaintiffs or by actions of third parties, not limited to the Monroe County Sheriff's Officer members and the New York State Police, not by the City Defendants. Should any damages ultimately be awarded in this matter, they shall be diminished in proportion to Plaintiff's culpable conduct.

## THIRD AFFIRMATIVE DEFENSE

36. The acts or omissions of any City Defendant or any Rochester Police Officers were not the proximate cause of the injuries about which Plaintiff complains.

## FOURTH AFFIRMATIVE DEFENSE

37. There was probable cause and/or warrant for actions of the City.

## FIFTH AFFIRMATIVE DEFENSE

38. The City of Rochester and employees properly exercised professional judgment, and are therefore entitled to good faith immunity and discretionary immunity from suit.

## SIXTH AFFIRMATIVE DEFENSE

39. None of City Defendants' acts were taken because Plaintiff was attempting to video record (or in fact video recording) and law enforcement action(s) were appropriate.

## SEVENTH AFFIRMATIVE DEFENSE

40. There is no cause of action brought which may be granted against the City Defendants under the Federal Law or the laws of the State of New York.

## EIGHTH AFFIRMATIVE DEFENSE

41. All conduct by the City of Rochester and by its officers, employees, agents, or representatives was justified under the circumstances herein; was privileged conduct in the performance of Defendants' police function; and was reasonably necessary to the performance of its duties and in accordance with the requirements of law.

## NINTH AFFIRMATIVE DEFENSE

42. Plaintiffs have failed to mitigate their damages.

## TENTH AFFIRMATIVE DEFENSE

43. The City Defendants did not authorize, permit or ratify any alleged improper or malicious conduct on the part of any person or adopt any policy condoning such conduct

## ELEVENTH AFFIRMATIVE DEFENSE

44. All conduct by the City of Rochester and by its individual police officers, employees, agents, or representatives was justified under the circumstances

herein; was privileged conduct in the performance of Defendants' police function; was supported by probable cause; and was reasonably necessary to the performance of its duties and in accordance with the requirements of law.

## TWELFTH AFFIRMATIVE DEFENSE

45. City Defendants did not violate any clearly established federal right of which a reasonable officer would have known, and are therefore entitled to qualified immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

46. The Complaint fails to sufficiently allege facts that any of the Defendants acted maliciously, wantonly, or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow, and therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

47. None of the acts of any City Defendant were taken in consideration of or as a result of Plaintiff's exercise of his/her First Amendment or any other Constitutional rights.

## FIFTEENTH AFFIRMITIVE DEFENSE

48. The City is entitled to the protection of CPLR §1600

## SIXTEENTH AFFIRMITIVE DEFENSE

49. No Special Duty exists or existed between the Plaintiffs' and the City Defendants

**WHEREFORE**, City Defendants demand judgment dismissing the Plaintiff's Complaint, together with the costs and disbursements of this action, and such other and further relief as may be just and proper.

| | |
|---|---|
| Date:  February 22, 2024<br>Rochester, NY | PATRICK BEATH<br>CORPORATION COUNSEL<br><br>By: _____/s/_____<br>John M. Campolieto, Esq., Of Counsel<br>*Attorneys for Defendant City of Rochester*<br>30 Church Street, Room 400A<br>Rochester, NY 14614<br>(585) 428-7410 |

To:   Elliot Dolby Shields, Co-counsel for Plaintiff
      ROTH & ROTH LLP
      192 Lexington Avenue, Suite 802
      New York, NY 10024
      (212) 425-1020

      Donald Thompson, Co-counsel for Plaintiff
      EASTON THOMPSON KASPEREK SHRIFFIN
      16 West Main Street, Suite 243
      Rochester, NY 14614
      (585) 423-8290

      Monroe County Law Department
      *Counsel for Defendant Monroe County*
      307 County Office Building
      39 West Main Street
      Rochester, NY 14614